# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WINDY CITY INNOVATIONS, LLC, a Delaware company, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 C 4240 ) |
| AMERICA ONLINE, INC., a Delaware corporation, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant America Online, Inc.'s ("AOL") motion for partial dismissal and motion to strike. For the reasons stated below, we deny the motion to dismiss in part and grant the motion to dismiss in part and deny the motion to strike.

## BACKGROUND

Plaintiff Windy City Innovations, LLC ("Windy") alleges that through an assignment of rights Windy acquired title to U.S. Patent No. 5,956,491 ("'491 patent") which is entitled "Group Communications Multiplexing System." Windy

1

alleges that beginning in September of 1999, AOL made, used, sold, offered to sell, and imported into the United States products and services covered by the '491 patent. Windy has brought the instant action alleging infringement of the '491 patent. AOL now moves for a partial dismissal to the extent that the infringement claim is based upon allegations in paragraph 12 of the amended complaint and moves to strike portions of paragraph 10 of the amended complaint that refer to paragraph 12 of the amended complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of

their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

AOL contends that Windy attempts to "interject dozens of new products into this lawsuit, these including products distributed by the third parties Wal-Mart,

Gateway, and ICQ (a company based largely in Israel), and further including unspecified 'other' products and services" in paragraph 12 of Windy's amended complaint ("paragraph 12"). (Mem.1-2). AOL argues that Windy places various qualifying phrases in the amended complaint and has thus failed to "actually ma[k]e an allegation of infringement. . . ." (Mem. 2). AOL also complains about the general reference in paragraph 12 as to "other" unnamed products and services. AOL argues that Windy has provided only vague and non-committal allegations in paragraph 12 because Windy "cannot allege infringement today" and "thinks a fishing expedition may provide it with evidence of a claim at some future date." (Mem. 6). AOL claims that because of the vagueness in paragraph 12, "AOL is at a loss as to how to respond to the Complaint" and argues that the additional products listed in paragraph 12 will delay these proceedings and require extensions to the court's previously set deadlines. (Mem. 6).

I. Waiver of Arguments by AOL

Windy argues that AOL has waived the above arguments because AOL stipulated that it did not object to the filing of the amended complaint. Windy claims that prior to seeking leave to file the amended complaint, Windy gave AOL a copy of the amended complaint and AOL stated no objections with its contents. Windy also points to oral statements by AOL's counsel at a court hearing indicating that AOL did not object to the filing of the amended complaint. Windy argues that

AOL has thus waived any objection to the amended complaint under the doctrine of judicial estoppel. Under the doctrine of judicial estoppel, "'a party that has taken one position in litigating a particular set of facts' and prevailed under that position" is prevented "from later reversing its position when it is to its advantage to do so." *Commonwealth Ins. Co. v. Titan Tire Corp*, 398 F.3d 879, 887 (7th Cir. 2004)

The doctrine of judicial estoppel does not apply in the manner suggested by Windy. AOL merely acquiesced to the filing of the amended complaint, but did not in any substantive way concede that it could not thereafter file a motion to dismiss. After the amended complaint was filed, pursuant to the Federal Rule of Civil Procedure 12, AOL was entitled to a period during which it could answer, move, or otherwise plead. AOL decided to move for a partial dismissal and acted within the guidelines provided in Federal Rule of Civil Procedure 12.

II. Notice Pleading

AOL argues that the allegations in paragraph 12 of the amended complaint are so vague and indecisive that they do not satisfy the notice pleading requirements. As mentioned above, a plaintiff is not required under the notice pleading standard to plead all the facts associated with his claim. *Higgs*, 286 F.3d at 439; *Kyle*, 144 F.3d at 455. *see also Conley v. Gibson*, 355 U.S. at 45-46 (stating that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Further, AOL has

not pointed to any legal authority that shows that there is a heightened pleading standard for patent infringement claims.

AOL cites *Kunkel v. Topmaster Intern., Inc.*, 906 F.2d 693, 695-96 (Fed. Cir. 1990) as a case that "identif[ies] the elements required to plead patent infringement." (Mem. 2). First of all, in *Kunkel*, the court in making such a statement, was discussing whether the patent infringement claim should be dismissed for lack of subject matter jurisdiction and whether the deficient pleading "divest[ed] the district court of subject matter jurisdiction. . . " pursuant to Federal Rule of Civil Procedure 12(b)(1). *Kunkel*, 906 F.2d at 695-96. In AOL's instant motion to dismiss, AOL is not moving to dismiss the allegations in paragraph 12 for lack of subject matter jurisdiction. Rather, AOL is moving to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim. (Mem. 2). AOL's reliance on *Kunkel* is thus incorrect because the court in *Kunkel* was not explaining a pleading standard for the determination of whether a plaintiff has provided sufficient allegations to state a patent infringement claim. In *Kunkel*, the court was concerned with the issue of whether the plaintiff was alleging a violation of a licensing agreement and was bringing a breach of contract claim or whether he was alleging patent infringement which would invoke federal subject matter jurisdiction. *Id.* at 695. There is no dispute in the instant action that Windy asserts it owned a patent or that Windy alleges that AOL is infringing on the patent. There is no contention by any party that Windy is bringing a breach of contract claim in the instant action.

The court in *Kunkel* stated that the plaintiff "pleaded ownership of a patent still in force, infringement by defendants, and requested as relief treble damages and an injunction, specifically citing the Patent Act, 35 U.S.C. §§ 284 (1988)... [and] [t]hat is all [the plaintiff] needed to do to invoke federal jurisdiction." *Id.* Likewise, in the instant action Windy specifically asserted infringement of the '409 patent in paragraph 12. Windy also stated expressly in the complaint that "[t]his action arises under the Patent Laws of the United States (35 U.S.C. §§ 1 *et seq.*) and seeks damages and injunctive relief as provided in 35 U.S.C. §§ 281 and 283-285... [and] [that] [t]he Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1338(a)." (A. Compl. Par. 4). Thus, it is clear that Windy is not merely alleging a breach of contract claim or that this court merely has diversity jurisdiction. Windy clearly alleged all that was required to invoke federal subject matter jurisdiction and thus, AOL's reliance on *Kunkel* for the proposition that Windy has failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is misplaced.

### A. Rule 11(b)(3)

AOL points specifically to language in paragraph 12 that states that Windy "is likely to have evidentiary support, after a reasonable opportunity for further investigation or discovery" that shows that AOL infringed the '491 patent in a manner provided in paragraph 12. (A. Compl. Par. 12). When a party submits a pleading to the court, the party certifies pursuant to Federal Rule of Civil Procedure

11(b)(3) ("Rule 11(3)(b)") that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ." Fed. R. Civ. P. 11(b)(3). The above statement in paragraph 12 by Windy that it is "likely to have evidentiary support" after discovery does not conflict with Rule 11(b)(3).

AOL acknowledges that "Rule 11(b)(3) permits a party to make an allegation and to qualify that allegation by stating that the party is likely to have evidentiary support. . . ." (Mem. 6). AOL then procedes to argue that "Windy City alleged only that it *might* have evidentiary support to make a future claim of infringement, not that it presently made or could make a claim of infringement." (Mem. 6)(emphasis added). A review of the language in paragraph 12 which states that Windy "is *likely* to have evidentiary support" after a reasonable inquiry shows that it is in compliance with Rule 11(b)(3) and that AOL is mistaken in its assertion that Windy merely stated that it "might" have evidentiary support.

### B. Infringed "Directly, Contributorily, by Inducement, or Otherwise"

In support of AOL's position that Windy has failed to sufficiently allege infringement, AOL also points to language in Windy's amended complaint that states that AOL is responsible for certain infringement "directly, contributorily, by

8

inducement, or otherwise. . . ." (A. Compl. Par. 12(f)). AOL contends that such language is too indecisive. AOL cites *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F.Supp. 948, 960 (S.D. Cal. 1996) in support of its position that the above language is insufficient to satisfy the notice pleading standard. However *Gen-Probe* is not controlling precedent and regardless, the court in *Gen-Probe* merely indicated that a plaintiff should provide "fair notice" to the defendant of the basis of a claim. *Id.* The above language is not too indecisive or unclear to satisfy the notice pleading standard. Windy has provided sufficient details regarding its claim and the language in paragraph 12 stating that there was infringement "directly, contributorily, by inducement, or otherwise. . . ." merely indicates that after discovery Windy will be able to state with more certainty the degree of involvement of AOL in the alleged infringement.

### C. "Other" Unnamed Products and Services

AOL also complains about the vague reference in paragraph 12 to the alleged infringement by "other" unnamed products and services. AOL contends that such generalized assertions do not adequately put AOL on notice in regards to those "other" unnamed products and services. We agree. Such a vague reference to "other" unnamed products or services fails to provide the operative facts in relation to the alleged infringement by those "other" unnamed products or services. Therefore, we grant AOL's motion to dismiss the infringement claim based on

paragraph 12 to the extent that it is based upon the "other" unnamed products and services referenced in paragraph 12.

III. Effect on Discovery and Previous Deadlines

AOL argues that the added products mentioned in paragraph 12 will result in a need for additional discovery and an extension of deadlines previously set by the court. However, as Windy correctly points out, any possible future impact on discovery or deadlines by claims in a complaint or amended complaint is completely irrelevant when a court is ruling on a motion to dismiss for failure to state a claim. The potential impact on discovery and deadlines from the amended complaint in this action would have only been relevant in regards to whether or not Windy should have been given leave to file the amended complaint. At that juncture, the court, in accordance with Federal Rule of Civil Procedure 15(a), considered the possible impact on the progress of the proceedings and the prejudice to AOL. *See Crest Hill Land Development, LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005)(explaining standard for discretionary amendment). However, AOL did not object to the filing of the amended complaint or object at the hearing before the court on the motion for leave to file the amended complaint. Windy in fact filed a stipulated motion for leave to file an amended complaint on January 27, 2005 that was signed by AOL. Also, according to Windy, AOL was given a copy of the amended complaint to review before Windy sought leave to file the amended

complaint.

Windy claims, as it did at the status hearing before the court when it sought leave to file the amended complaint, that the dates previously set by the court will not need to be altered because the need for additional discovery based upon paragraph 12 will not be significant. Windy also asserts that the discovery will not affect the *Markman* schedule. It was AOL's obligation to voice its complaints when Windy sought leave to file the amended complaint. Instead, AOL waited until a month after the filing of the amended complaint to voice its current objections. We are not convinced that any deadlines set by this court will be affected by the allegations in paragraph 12 and regardless, neither side in this action has filed a motion for an extension of any dates previously set by the court.

## CONCLUSION

Based on the foregoing analysis, we grant AOL's motion to dismiss the infringement claims based upon paragraph 12 to the extent that the claims regard the unnamed "other" products and services referenced in paragraph 12. We deny the remainder of AOL's motion to dismiss and we deny AOL's motion to strike.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 22, 2005