# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WINDY CITY INNOVATIONS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04 C 4240 |
| AMERICA ONLINE, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the Court on Defendant America Online's ("AOL") bill of costs. For the reasons stated below, we grant in part and deny in part the bill of costs.

## BACKGROUND

On December 8, 2005, this court granted AOL's motion for summary judgment, and denied Plaintiff Windy City Innovations, LLC's ("Windy City") motion for summary judgment. As the prevailing party, AOL filed a bill of costs with the court, seeking $485,390.40 in costs. In response to Windy City's answer to the bill of costs, AOL is now seeking $400,388.84 in costs in its amended bill of costs.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that the prevailing party shall be allowed to recover costs other than attorneys' fees unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable). The Seventh Circuit has made it clear that in reviewing a bill of costs, a district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005); *see also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)(stating that "[t]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined"). In addition to making sure that requested costs are recoverable, a district court must also ensure that the costs are reasonable. *See, e.g., Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

## DISCUSSION

### I. Service of Summons and Court Reporter Fees

AOL requests $281.68 in court reporter fees and $1,961.00 in fees for service of summons and subpoenas. Windy City does not object to these costs, and we find

the request to be both recoverable and reasonable. Therefore, we award AOL $281.68 in court reporter fees and $1,961.00 in fees for service of summons and subpoenas.

## II. Witness Costs

AOL requests $2,309.17 in witness costs. Windy City objects to AOL's requests for $1,185.73 in costs related to AOL's witness Dr. Maggs, due to AOL's lack of documentation for these costs. AOL acknowledged in its reply brief that it had made an error when it requested $1,185.73 in travel expenses for Maggs, and thus reduced the amount to $460.84 for costs related to Dr. Maggs. AOL also included documentation for the $460.84 that it is seeking for the costs relating to Dr. Maggs. This revision by AOL reduces the total amount requested for witness costs to $1,584.28. With the change, we find that AOL has provided sufficient documentation for its witness costs. We also find the requested costs to be recoverable and reasonable, and award AOL $1,584.28 in witness costs.

## III. Exemplification Costs

AOL requests $13,266.58 in exemplification costs, including $12,922.50 in costs related to the preparation of a demonstrative video. Windy City only objects to the costs related to the demonstrative video, claiming that these costs are not recoverable because the demonstrative video was not necessary to this litigation.

3

The Seventh Circuit has held that a prevailing may recover costs for "a wide variety of exhibits and demonstrative aids" as long as such costs were "reasonably necessary to the presentation of one's case to the court . . . ." *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427-29 (7th Cir. 2000)(stating also that "[s]o long as the means of presentation furthers the illustrative purpose of an exhibit, we believe it is potentially compensable as exemplification"). According to AOL, the demonstrative video was intended to convey to the court and the jury technical aspects of the patents that were in question in the action, including "demonstrat[ing] the feature of 'real time' communication between 'participant computers.'" (Rep. 4). We agree with AOL that this action involved complicated patents and technology, and that using a demonstrative video could have been reasonably necessary to AOL's case had this action proceeded to trial.

Windy City also argues that AOL has not provided sufficient documentation for the costs related to the demonstrative video. A party wishing an item to be taxed must "provide the best breakdown obtainable from retained records," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991), and is required to show no more specificity than "the level of detail that paying clients find satisfactory . . . ." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001). We find that the documentation provided by AOL for the costs of the demonstrative video provide a sufficient level of detail. We also find that AOL's additional request for exemplification costs is recoverable and reasonable and, thus,

4

we award AOL $13,266.58 in exemplification costs.

IV. Deposition Costs

AOL has requested $59,119.83 for deposition costs. Windy City has raised a number of objections to AOL's request for deposition costs, and states that it "should be required to pay no more than $19,775.70 in taxable costs relating to depositions." (Resp. 4). In response to Windy City's objections, AOL has reduced its request for deposition costs to $22,234.10. AOL's reply brief, however, simply lists the costs requested for depositions in a summary fashion, and has not shown that all of the costs it is requesting are within the guidelines set by the Judicial Conference of the United States. *See Cengr.*, 135 F.3d at 455 (stating that "the costs of [a] transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed"). Even though AOL has not provided sufficient information regarding its deposition cost request, since Windy City has conceded that AOL is entitled to $19,775.70, we award AOL $19,775.70 in deposition costs.

V. Document Production Fees

AOL's amended bill of costs requests $359,043.80 in costs for document production. Windy City objects to these requests, stating that they are not

recoverable under 28 U.S.C. § 1920, and that Windy City has already paid AOL $12,494.10 for certain document production costs.

### A. Costs of Copying Documents

Both parties agree that AOL is entitled to recover costs for the production of 137,258 documents that it produced to Windy City, at a rate of $0.10 per page. Based on this rate, AOL is entitled to $13,725.80. Windy City, however, had previously paid AOL $12,494.10 for the production of certain documents. Accordingly, AOL has agreed to reduce its request for copying documents by $12,494.10. We find the remaining costs reasonable and recoverable, and award AOL $1,231.70 for the costs of copying documents.

### B. Costs to Produce Electronic Documents

AOL is seeking to recover costs related to the production of electronic documents on CD-ROM and DVD disks. Windy City objects to AOL's request for costs relating to electronic documents, claiming that AOL is seeking to recover more than a reasonable amount for these costs. Windy City states that "AOL is entitled to no more than $7,600 for the production of documents electronically." (Resp. 9). AOL has not itemized its bill of costs in a way that would allow the court to determine the amount it is seeking for the production of electronic documents, and

its reply brief AOL responds to Windy City's concerns by simply stating that it "is entitled to the full cost of the creation of CDs . . . ." (Rep. 7). Simply pointing the court to an exhibit containing hundreds of invoices is not sufficient documentation of AOL's costs. Therefore, we find that AOL has not shown that the costs it is seeking for the production of electronic documents are reasonable, and we deny AOL's request for these costs.

### C. Costs of Optical Character Recognition, Document Coding Services and Keyword Searching

Windy City objects to AOL's request for costs incurred for Optical Character Recognition ("OCR"), coding services, and keyword searching. OCR "refers to a computer program that converts an electronically stored document into a searchable text file," while "[c]oding services review production documents and input into a commercial litigation database system information about the documents, such as the document date, document recipient, document author, etc." (Windy Resp. at 10). Keyword searching permits a party to search a document for a specific word more efficiently. Windy City compares the tasks preformed by the OCR, coding services and keyword searching to the tasks generally preformed by attorneys and paralegals, and therefore argues that the costs associated with these services are nothing more than a substitute for attorney fees. AOL argues that these costs are not recoverable under 28 U.S.C. § 1920.

The computer document coding systems for which AOL is seeking costs "perform[] the work an attorney, paralegal or law clerk would have to perform in its absence [and thus] expenses for such systems are more properly considered expenses incidental to an award of attorneys' fees, not costs of suit" that are recoverable in a bill of costs. *E.E.O.C. v. Sears, Roebuck and Co.*, 111 F.R.D. 385, 394 (N.D. Ill. 1986); *see also Northbrook Excess & Surplus Ins. Co.*, 924 F.2d 633, 644 (7th Cir. 1991)(citing *Sears* for the idea that costs incurred "for a computerized litigation support system are not taxable costs under section 1920"). AOL argues that Windy City "demanded that AOL produce documents including specific search terms, the identification of which required" these computer document coding systems. (Rep. 9). This argument, however, is misplaced. Typically in a case, document requests require parties to find documents that discuss certain events, phrases, or terms. Such a request is not sufficient to bring computer document coding systems into the realm of recoverable costs. Therefore, we find that AOL is not entitled to recover for its costs related to OCR, coding services, and keyword searching.

### D. Costs for Document Conversion

AOL is seeking $293,195.25 in costs related to the "computer conversion of files" into a format that allowed for easier searching capabilities. (Resp. 12; Rep. 11). Windy City objects to AOL's request for costs related to document conversion,

arguing that "AOL should have produced the electronically-stored files . . . as they were stored in the ordinary course of business rather than doing complex computer conversions of the files." (Resp. 12). AOL argues that Windy City requested the files in the converted format. However, AOL's support for this claim, an affidavit by Timothy Haugh, does not state that Windy City requested files in the converted format. (Rep. Ex. 6). Instead, the affidavit simply states that Windy City requested a certain type of load file so that "when [AOL] produced documents in [the converted] format . . . the documents could be loaded into their document management system." (Rep. Ex 6). Requesting a certain type of load file for the converted documents is entirely different than requesting the conversion of the documents. AOL also cites Windy City's document request, and states that the costs of conversion were "directly born out of [Windy City's] demands for document production." (Rep. 12). Windy City's document request, however, simply states that "[t]o the extent that any documents, things or information are maintained in both hard copy and magnetic or electronic form, Windy City requests production in all such forms." (Rep. Ex. 5, 9). While it is true that Windy City requested electronic documents, AOL has not shown that Windy City requested that these documents be converted into any particular format. Accordingly, we deny AOL's request for the costs related to document conversion.

### E. Database and Labeling Costs

AOL has withdrawn its request for $14,157.50 in costs relating to its creation of a database for the production of documents and for $28,730.19 in costs related to its document labeling costs. (Rep. 13).

## CONCLUSION

Based on the foregoing, we grant in part and deny in part AOL's bill of costs. Specifically, we award AOL $281.68 in court reporter fees, $1,961.00 in fees for service of summons and subpoenas, $1,584.28 in witness costs, $13,266.58 in exemplification costs, $19,775.70 in deposition costs, and $1,231.70 for the costs of copying documents, for a total of $38,100.94. We deny the remainder of AOL's bill of costs.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: July 31, 2006

OAO 133 (Rev. 9/89) Bill of Costs

# UNITED STATES DISTRICT COURT
## Eastern District of Illinois

WINDY CITY INNOVATIONS, LLC,          **BILL OF COSTS**
V.
AMERICA ONLINE, INC.          Case Number: 04-C-4240

Judgment having been entered in the above entitled action on __December 8, 2005[1]__ against __Plaintiff, Windy City Innovations__,
                                                                Date

the Clerk is requested to tax the following as costs:

| Item | Amount |
|---|---:|
| Fees of the Clerk | $ 0.00 |
| Fees for service of summons and subpoena (itemized in Exhibit A to Declaration) | 1,961.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case (itemized in Exhibit A to Declaration) | 281.68 |
| Fees and disbursements for printing | 0.00 |
| Fees for witnesses (itemize on reverse side and in Exhibit A to Declaration) | 2,309.17 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case (itemized in Exhibit A to Declaration) | 13,266.58 |
| Docket fees under 28 U.S.C. 1923 | 0.00 |
| Costs as shown on Mandate of Court of Appeals | 0.00 |
| Compensation of court-appointed experts | 0.00 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 | 0.00 |
| Other costs (itemized in Exhibit A to Declaration) | 467,571.97 |
| **TOTAL** | **$ 485,390.40** |

SPECIAL NOTE: Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this bill was electronically served on: __See separately attached certificate of service__.

Signature of Attorney: _[signature]_

Name of Attorney: Janice V. Mitrius

For: Defendant, AMERICA ONLINE, Inc.          Date: 1/9/06
       Name of Claiming Party

Costs are taxed in the amount of __$38,100.94__ and included in the judgment.

**MICHAEL W. DOBBINS**       By: _[signature]_     7/31/06
Clerk of Court                      Deputy Clerk MICHAEL WING           Date

---

[1] Windy claims in its Notice of Appeal that the Court entered judgment on December 8, 2005. AOL files this Bill of Costs to preserve its rights in view of Windy's claim.

| NAME AND RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
|---|---|---|---|---|---|---|---|
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| Daniel Marks | | | | | | | $80.50 |
| Niel Robertson | | | | | | | $80.50 |
| Brian Hollander | | | | | | | $43.50 |
| Josh Metnick | | | | | | | $40.00 |
| Bruce Maggs | | | | | | | $2,064.67 |
| | | | | | **TOTAL** | | $2,309.17 |

# WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees)

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
"Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
"Entry of the judgment shall not be delayed for the taxing of costs."